```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | |
|---|---|
| **NATHANIEL POLLEY, NANCY QUIROZ, SURYA VEERAVALLI, and DANIEL GREENWALD**, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **NORTHWESTERN UNIVERSITY**, <br><br> Defendant. | Case No. 20 C 4798 <br><br> Judge Harry D. Leinenweber |

# ORDER

Northwestern University brings this Motion to Dismiss Plaintiffs' First Amended Complaint, which was filed in response to this Court's September 15, 2021, Order dismissing the original Complaint. Northwestern University argues that Plaintiffs again fail to state a claim upon which relief may be granted and ask for dismissal under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Court denies the Motion to Dismiss.

## DISCUSSION

The Court refers generally to the facts established in its earlier Opinion and Order and from the Amended Complaint. (Dkt. Nos. 53, 55.) In response to the COVID-19 pandemic in March of 2020, Northwestern University informed current students that the 2020 Spring semester would be suspended for several weeks and then classes would resume entirely

remotely on April 4, 2020. (Am. Compl. ¶ 71, Dkt. No. 55.) At the end of the semester, on June 16, 2020, Northwestern University sent an email to all students announcing that the Fall 2020 classes would be primarily online. (*Id.* ¶ 76.) In response to these changes to their educational plans, Plaintiffs sued under the theory that Northwestern breached its contract to students by not providing an in-person education.

After this Court dismissed the claims, Plaintiffs filed their First Amended Complaint, and Northwestern responded with a Motion to Dismiss. (Dkt. Nos. 55, 58.) Since the filing of Northwestern's Motion, the Seventh Circuit has issued an opinion in a case with near-identical claims against Loyola University in *Gociman v. Loyola University of Chicago*, No. 21-1304, 2022 WL 2913751 (7th Cir. July 25, 2022). The Seventh Circuit considered whether the students' claims should be converted to educational malpractice claims, whether an express or indirect contractual right to in-person services existed, or, in the alternative, whether the students state a claim for unjust enrichment.

The Seventh Circuit first held, as the Court did in its previous Opinion and Order, that Plaintiffs do not plead educational malpractice, which is not a cognizable claim under Illinois law and would have required the Amended Complaint to be dismissed. *Polley v. Nw. Univ.*, 560 F.Supp. 3d 1197, 1207 (N.D. Ill. 2021); *Gociman*, 2022 WL 2913751 at *5.

The Seventh Circuit then analyzed whether or not there existed a contractual right to an in-person education between Loyola University and its enrolled students. The Seventh Circuit considered the following evidence when reviewing whether an express or implied contractual promise existed: "catalogs, registration portal, pre-pandemic practice, and

- 2 -

different charges for Loyola's online versus on-campus programs." *Gociman* at *6. The Seventh Circuit found that, while these materials were insufficient to create an express contract, the students alleged "sufficient facts to plausibly state a claim that Loyola breached an implied contract to provide students in-person instruction in exchange for tuition." *Id.*

Finally, the Seventh Circuit found that the unjust enrichment claim could proceed as an alternative claim when "the validity or the scope of the contract is difficult to determine, or if the claim at issue falls outside the contract." *Id.* at *8 (citing *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004); *Archon Constr. Co., Inc. v. U.S. Shelter, LLC*, 2017 IL App (1s) 153409, ¶ 39; *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill. App. Ct. 1998).) Because the students in *Gociman* incorporated references to the alleged contract in their unjust enrichment claim, the Seventh Circuit found the claim technically deficient. The Seventh Circuit then ordered the lower court to allow the students to replead their unjust enrichment claim without reference to the contract. *Id.* at *9. With this recent guidance in mind, the Court now turns to Plaintiffs' Amended Complaint and reviews whether it survives Northwestern's Motion to Dismiss.

In its Motion to Dismiss, Northwestern alleges that the Amended Complaint suffers from the same fatal defects which caused the Court to dismiss the initial Complaint. In response, Plaintiffs point the following new facts.

First, Plaintiffs allege there is an express contract between Northwestern and the enrolled students through the promises made by

Northwestern in its course catalogs, including its online course catalog entitled "CAESAR." (Am. Compl. ¶¶ 27—28.) The Court previously limited its express contract analysis on the Plaintiffs' admission letters. *Polley*, 560 F.Supp. 3d at 1207—08. Plaintiffs now claim that the combination of the print and online course catalog created an express contractual obligation for an in-person education. As noted in the dissent in *Gociman,* "in the context of class registration, it would be off to treat every aspect of a class description as an enforceable contractual promise." *Gociman,* 2022 WL 2913751 at *11. And, as affirmed by the majority, "every sentence in the catalog or registration portal [does not] create an independent promise." *Id.* at *6 n.6. The Court, in line with the Seventh Circuit guidance, finds that the online course catalog falls outside of the definition of an express promise that any specific class would be held at the location indicated.

Plaintiffs emphasize that Northwestern directed students to the online registration and class listings for the final information about the location of their classes, *e.g.*, "[t]he class schedule for each quarter is posted on [the online platform] CAESAR and contains a complete and updated listing of classes offered each quarter. . ." (Resp. at 10, Dkt. No. 65.) But the Court does not think that any one class with an altered time and location from the online course catalog, even a time or location switched mid-semester, would create a breach of contract for the students enrolled in that class. The Court finds the information in the online course catalog insufficient to create an express contractual promise to students.

Plaintiffs additionally allege that the statements in Northwestern's promotional materials created an express contractual promise as to the location of touted services. Plaintiffs point to sentences that promise access such as, "Biological Science majors can pursue research in any one of many laboratories located on or off-campus." (Am. Compl. ¶ 99.) The Court employs a similar analysis as performed above. The temporary shut-down of any single laboratory would cause this sentence to be inaccurate. A student could no longer choose from *any* lab, and that student might be even prevented from doing the research of his or her choice while enrolled. The result of holding Northwestern to its promotional sentences as express contractual provisions would be a micromanagement of Northwestern's strategic decisions and offering of services beyond the skills or purview of this Court.

Plaintiffs next point to an "Associated Student Government (ASG) Activity Fee" that covers "special services and programs," as well as an "Athletic Events Fee" and an "Undergraduate Student Health Fee" as evidence of an express contractual promise for physical access to on-campus buildings. (*Id.* ¶¶ 64–69.) The Court performs the same analysis and reaches the same result. If a student activity center, a student health building, or a student gymnasium were undergoing renovations and not open to students, even for several years, the Court would not find a breach of contract based on Northwestern's failure to adjust its fees. Any one of these fees does not guarantee every student access to every building related to the fee, because the exact contour of what is available to students naturally varies as different programs are

instituted and withdrawn and various buildings are built and renovated. As a result, the Court does not find an express contract between the students and Northwestern based on its fees and fee descriptions.

The Court next turns to Plaintiffs' claim that an implied contract for in-person services and access exists. Like *Gociman,* students rely on Northwestern's "school policies, course catalog, course schedule, representations, admission agreement, registration materials, course of past conduct, and payment of tuition and fees." (*Compare* Am. Compl. ¶ 147 *with Gociman*, 2202 WL 2913751 at *6 ("Loyola's catalogs, registration portal, pre-pandemic practice, and different charges for Loyola's online versus on-campus programs . . . show an implied contract to provide in-person instruction").) The Court follows the Seventh Circuit opinion in *Gociman* and finds that the accumulation of these facts shows an implied contract of in-person services and physical access to the educational facilities.

Finally, the Court turns to the unjust enrichment claim. As in *Gociman,* the Court originally dismissed Plaintiffs' unjust enrichment claim on technical grounds because it incorrectly incorporated the claims of contractual obligations between the parties. *Polley*, 560 F.Supp. 3d at 1209. Plaintiffs have now corrected this error and correctly plead an unjust enrichment claim in the alternative.

Northwestern's Motion to Dismiss (Dkt. No. 58) is denied.

					_____
					Harry D. Leinenweber, Judge
					United States District Court

Dated: 8/4/2022