```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | |
|---|---|
| NATHANIEL POLLEY, NANCY QUIROZ, SURYA VEERAVALLI, and DANIEL GREENWARD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>NORTHWESTERN UNIVERSITY,<br><br>        Defendant. | Case No. 20 C 4798<br><br>Judge Harry D. Leinenweber |

# ORDER

This putative Class Action Complaint, that was originally filed in August 2020, complained of Northwestern University's ("NU") move away from in-person instruction to remote instruction resulting from the COVID-19 pandemic. This Court granted NU's Rule 12(b)(6) Motion to Dismiss but also granted Plaintiffs leave to amend. Plaintiffs filed their First Amended Complaint in October 2001. NU then filed another Motion to Dismiss pursuant to Rule 12(b)(6). Briefing was completed in February 2022, and while the Motion was pending, the Seventh Circuit Court of Appeals decided *Gociman v. Loyola University of Chicago,* 41 F.4th 873 (2022).

In *Gociman,* the court held that certain Loyola students stated a plausible claim for breach of implied contract to provide in-person instruction in exchange for tuition. It also held that the claim for unjust enrichment as pled had to be dismissed but the students could amend to plead it as an alternative to their breach of contract claim. In regard to the breach of contract claim, the court stated that at the motion to dismiss stage, where the court accepts the facts as true and draws all reasonable inferences in favor of plaintiffs, the students "plausibly" alleged an implied promise that NU would provide in-person instruction in return for the payment of tuition.

This Court denied NU's Motion in reliance on the *Gociman* decision, finding that the Plaintiffs had, like the plaintiffs in *Gociman,* relied on "Northwestern's school policies, course catalog, course schedule, representations, admission agreement, registration materials, course of past conduct, and payment of tuition and fees." The Court also found that Plaintiffs had adequately pled unjust enrichment as an alternative remedy to breach of contract.

NU has now moved for reconsideration. NU points to a distinguishing factor between its situation *vis-á-vis* its students and those of Loyola: NU is on a quarter rather than a semester system and its decision to go to remote instruction occurred after

conclusion of the winter quarter and prior to the onset of the spring quarter. NU points to the *Gociman* opinion in which the Seventh Circuit noted that:

> Loyola's spring semester began on January 13, 2020. As usual students enrolled in the on-campus program received in-person instruction and access to on-campus facilities. However midway through the semester, on March 9, 2020, Illinois Governor J.B. Pritzker issued a disaster proclamation concerning the rising number of COVID-19 cases in Illinois. Two days later, the World Health Organization declared COVID-19 A Global Pandemic. In response, Loyola closed its residence halls and campus buildings, cancelled on campus students' events, and announced that all "in-person, face to face classes" were suspended. By the end of March, Loyola completely closed its physical campuses and in-person resources to students and transitioned to remote instruction.

NU argues that the Plaintiffs' obligation to pay tuition was not due until the commencement of the spring quarter on April 30, 2020, and NU's announcement of the transition to remote instruction was on March 11, 2020. Thus, NU argues, any previous offers or statements concerning promises of in-person instruction were certainly revoked, and the Plaintiffs could not plausibly plead that they were misled. NU also cites *Eisele v. Ayers,* 381 N.E.2d 21 (Ill. App. Ct. 1978), where an Illinois Appellate Court held that the contract between Northwestern Medical School and a student was renewable on a semester-to-semester basis and that the obligation to pay tuition did not arise until "enrollment" of the student.

Plaintiffs respond, pointing out that the *Eisele* court held that a contract between the school and the student was not formed until enrollment. Thus, Plaintiffs argue, in this case there is a question of fact as to when a student enrolled and became obligated. Plaintiffs also argue that the Complaint alleges that NU made additional promises regarding the quality of instruction that did not foreclose a return to in-person instruction until it definitely announced the elimination of in-person instruction on April 28, 2020. Plaintiffs also contend that NU did not tell them that the entire quarter would involve remote teaching.

The Court agrees with NU that the announcement of its decision to go remote apparently made prior to the commencement of the spring quarter, as opposed to terminating in-person instruction in the middle of a semester as Loyola did, is an important distinction. However, since the dates of enrollment of the Plaintiffs obviously vary and the statements of NU were not clearly consistent, the Court believes that the Complaint still states a plausible claim. Plaintiffs acknowledge that some Northwestern students may not be members of the class because of enrollment after the announcement of the move to remote learning. Ultimate resolution of the existence or non-existence of an implied contract for in-person instruction and entitlement to claim a breach of

contract by individual class members will await summary judgment motions or trial.

The Motion to Reconsider is denied.

**IT IS SO ORDERED.**

                                                    Harry D. Leinenweber, Judge
                                                    United States District Court

Dated: 2/17/2023