**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NANCY QUIROZ, SURYA VEERAVALLI, and DANIEL GREENWALD, on behalf of themselves and all others similarly situated, | Civil Action No. 1:20-cv-04798 |
| | Honorable Judge Lindsay C. Jenkins |
| Plaintiffs, | |
| v. | |
| NORTHWESTERN UNIVERSITY, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO COMPEL**

Pursuant to Fed. Rule Civ. P. 37(a), Plaintiffs Nancy Quiroz, Surya Veeravalli, and Daniel Greenwald ("Plaintiffs") move the Court for an order compelling Defendant Northwestern University ("Defendant") to produce documents concerning the following student-level data for each member of the Class which is necessary to determine damages or restitution for each class member through a class-wide methodology prior to the fact cutoff of November 8, 2024. Defendant refused to produce the requested student level data. The parties telephonically met and conferred, through (Eddie) Jae K. Kim and Tiffine E. Malamphy on behalf of Plaintiffs and Defendant's counsel, on September 23, 2024, at 1:30pm CDT concerning the foregoing discovery disputes in an effort to resolve the disputes in good faith but were unable to reach an accord.

## I.      INTRODUCTION

Plaintiffs issued their third set of requests for production ("RFP") on July 31, 2024, which specifically requested the student level data outlined above.[1] Defendant responded to the RFPs on August 30, 2024, and agreed to produce documents limited to Plaintiffs. On September 13, 2024, Plaintiffs sent a meet-and-confer letter to Defendant to discuss their need for the requested student level data. Plaintiffs also requested Defendant's availability to have a telephonic meet and confer, and the parties held the conference on September 23, 2024, at 1:30pm CDT. Unfortunately, the parties reached an impasse on the production of student level data. Accordingly, Plaintiffs request that the Court enter an order compelling Defendant to produce its student level data concerning the putative Class.

## II.      THE DISCOVERY AT ISSUE

Plaintiffs requested documents concerning student level data that identify the following information:

(a) Student ID;
(b) the campus the student was enrolled in;
(c) the school (a.k.a. college) the student was enrolled in;
(d) program student was enrolled in;
(e) degree type (e.g., undergraduate, graduate);
(f) information identifying whether the program the student was enrolled in was "online" only, hybrid, or in-person;
(g) information identifying whether the program the student was enrolled in was a study abroad program;
(h) assessed tuition (e.g., tuition reflected as a debit in student account);
(i) gross tuition, if different from assessed tuition;
(j) assessed tuition broken down into separate fees;
(k) any other fees charged to students separated by fee type;

---

[1] Plaintiffs third set of RFPs sought the student level data for the Winter 2020, Spring 2020, and Fall 2020 quarters. Plaintiffs served a fourth set of RFPs on September 13, 2024, seeking the same data for the Summer 2020 quarter. While Plaintiffs are not specifically moving to compel Defendant to produce the data for the Summer 2020 quarter at this time, as it is not currently ripe for discussion, Plaintiffs believe that resolving the dispute as to the third set of RFPs will also resolve the inevitable dispute as to the fourth set of RFPs.

(l) information necessary to determine if the assessed program fee provided is reported by credit hour or for the entire quarter;

(m) total number of enrolled credit hours;

(n) total number of credit hours completed;

(o) any refunds provided to students separated by types of refund (e.g., tuition refunds, fees refunds, room and board refunds, etc.);

(p) date a student withdrew from the program if the student withdrew from the program during the semester;

(q) dollars of scholarships funded by the University;

(r) dollars of scholarships funded by other sources;

(s) dollars of loans;

(t) dollars of CARES Financial Aid; and

(u) dollars of other financial aid.

After objecting (*see* Exhibit A), Defendant agreed to produce documents concerning Plaintiffs only. Defendant's objections, as discussed below, are meritless; thus, Defendant should be compelled to produce the data relevant to each Class Member, as requested.

### A. The Requested Data is Relevant.

"[T]he scope of discovery in civil cases is extremely broad. Relevancy objections, while permissible, will not be sustained where discovery sought is relevant to the subject matter." *All. to End Repression v. Rochford*, 75 F.R.D. 441, 444 (N.D. Ill. 1977). "All that need be shown is that the evidence relates to an event pled in the Complaint or otherwise appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139, at *2 (N.D. Ill. Sept. 9, 2024). Importantly, "there is a strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Here, each category of data requested is relevant to Plaintiffs' claims on behalf of the class, class certification, and damages.[2]

---

[2] Defendant also objects to the scope of Plaintiffs' RFPs seeking student level data as temporally irrelevant. This objection holds no merit. *See Rayome*, 2024 WL 4119139, at *3 ("information that may be contained in National Lewis University's records pertaining to Mr. Rayome may ultimately prove to be of no value, either direct or circumstantial, to Abt. But that does not mean that for purposes of discovery the records are not "relevant" to Mr. Rayome's claim of emotional distress

In order to determine each Class Members' damages, which is also relevant to ascertainability and predominance under Rule 23, Plaintiffs require the following information: assessed tuition (e.g., tuition reflected as a debit in student account); gross tuition, if different from assessed tuition; assessed tuition broken down into separate fees; any other fees charged to students separated by fee type; information necessary to determine if the assessed program fee provided is reported by credit hour or for the entire quarter; total number of enrolled credit hours; total number of credit hours completed; any refunds provided to students separated by types of refund (e.g., tuition refunds, fees refunds, room and board refunds, etc.); date a student withdrew from the program if the student withdrew from the program during the semester; dollars of scholarships funded by the University; dollars of scholarships funded by other sources; dollars of loans; dollars of CARES Financial Aid; and dollars of other financial aid. *See In re Aircrash near Roselawn, Indiana on Oct. 31, 1994*, No. 95 C 4593, 1996 WL 114814, at *1 (N.D. Ill. Mar. 14, 1996) (finding argument without merit that discovery into damages was irrelevant); *see also Sturdy v. Medtrak Educ. Servs. LLC*, No. 13-CV-3350, 2014 WL 2210379, at *3 (C.D. Ill. May 28, 2014) (plaintiff needs "an objective, reasonable way to ascertain potential class members" which can be done through discovery).

Each student's Student ID; campus the student was enrolled in; school (a.k.a. college) the student was enrolled in; program student was enrolled in; degree type (e.g., undergraduate, graduate); information identifying whether the program the student was enrolled in was "online" only, hybrid, or in-person; and information identifying whether the program the student was enrolled in was a study abroad program is relevant to numerosity of the Class and numerosity for

---

even though that claim does not include the period of time when Mr. Rayome was enrolled at the University.").

4

potential subclasses based on colleges. *See Plummer v. Chicago Journeyman Plumbers' Loc. Union No. 130, U. A.*, 77 F.R.D. 399, 404 (N.D. Ill. 1977) (information relevant to class members' records is "relevant to the numerosity requirement of Rule 23 and may help identify potential class members."). This would also be relevant to address expected defenses Northwestern is expected to raise at class certification including ascertainability and predominance. *See e.g., Arredondo v. Univ. of La Verne*, 341 F.R.D. 47, 52 (C.D. Cal. Feb. 8, 2022) (finding predominance by rejecting arguments from the college that common questions cannot predominate because Plaintiff cannot calculate damages with a common methodology)*; Ninivaggi v. Univ. of Delaware*, 2023 U.S. Dist. LEXIS 56194 (D. Del. March 31, 2023) (rejecting arguments from U. Delaware regarding payment of monies from outside sources and the exclusion of students "who received full rides from the school itself…" and holding, "Because U. Delaware has enough records to figure out which students did not get full rides, there is a reliable way to determine who those students are…. So it can reliably figure out who belongs to the class."); *Schultz v. Emory Univ.,* 2023 U.S. Dist. LEXIS 103979 at *6-10 (N.D. Ga., June 15, 2023) (discussing ascertainability, administratively feasible mechanisms to identify class members, and the school's student account records referred to as "OPUS"); *In re Pepperdine Univ. Tuition & Fees Covid-19 Refund Litig.*, 2023 U.S. Dist. LEXIS 178028 (C.D. Cal. Sept. 26, 2023) (addressing the methodology of the student's damage expert in connection with certifying the class under Rule 23, including his computations of tuition and fees for students and subsets of students);

Documents concerning the campus the student was enrolled in; the school (a.k.a. college) the student was enrolled in; program student was enrolled in; degree type (e.g., undergraduate, graduate); information identifying whether the program the student was enrolled in was "online" only, hybrid, or in-person; and information identifying whether the program the student was

enrolled in was a study abroad program are relevant to, or at the very least will lead to evidence concerning, questions of law and fact that are common to the Class's and Plaintiffs' claims. For example, whether Defendant's communications with the Class were uniform and treated by each college in response to COVID-19. The data points are also relevant to refuting any argument by Defendant that class certification should be denied based on differences across Defendant's colleges. *See Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 WL 5663644, at \*5 (N.D. Ill. Oct. 17, 2013) (finding requested discovery was relevant because "Jenkins will need some discovery from Dolton employees to show the existence of a common policy, as required for preliminary certification of a collective action, and to show commonality and typicality, as required to prevail on a motion for Rule 23 class certification.").

All of the requested data points are relevant to, or likely to lead to admissible evidence, showing that Plaintiffs' claims are typical of the Class's claims. Specifically, showing that they are seeking the same damages from the same conduct of Defendant. *See Elliott v. ITT Corp.*, No. 90 C 1841, 1992 WL 59102, at \*7 (N.D. Ill. Mar. 16, 1992) (compelling discovery of defendant's policies because "court believes that these items may be relevant or lead to relevant evidence on the question of typicality").

Therefore, the requested student level data is relevant, and Defendant should be compelled to produce the data.

### B. The Requested Data is Not Overly Broad or Unduly Burdensome.

An objecting party must show why a particular discovery request is improper and "a 'reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" *Osada v. Experian Info. Sols., Inc.*,

290 F.R.D. 485, 494 (N.D. Ill. 2012) quoting *Burkybile v. Mitsubishi Motors, Corp.*, No. 04–C–4932, 2006 WL 2325506, at *6 (N.D.Ill. Aug. 2, 2006). An objecting party must support its burdensome objection with evidence. *See Martin v. Bureau of Collection Recovery*, No. 10-C-7725, 2011 WL 2311869, at *5 (N.D.Ill. June 13, 2011) ("BCR must do more than say that this discovery is overly burdensome, it must support this argument with specific evidence as to the nature of the burden."). Ill-supported objections based on burden should be overruled. *See Rosario v. Ret. Bd. of Policeman's Annuity & Benefit Fund of City of Chicago*, No. 10 C 1512, 2012 WL 13394667, at *3 (N.D. Ill. Sept. 20, 2012).

Here, Defendant merely claims that Plaintiffs' third set of RFPs seeking student level data is overly broad and unduly burdensome. Defendant also claims that it does not have "information identifying students on such a granular level across multiple educational programs and disciplines." Yet, six (6) sentences later, Defendant proclaims that it does have the information sought about individual students, but the documents are "not stored in one database or spreadsheet." Simply not having the documents in one "database or spreadsheet" is an insufficient reason to deny Plaintiffs the relevant, necessary discovery to their forthcoming motion for class certification. *See Mervyn v. Atlas Van Lines, Inc.*, No. 13 C 3587, 2015 WL 12826474, at *5 (N.D. Ill. Oct. 23, 2015) ("Atlas has failed to show why production in this matter creates an undue burden. Atlas has not provided any cost or time estimates, and without more, the idea that several thousand documents may have to be reviewed before the appropriate production set is identified does not strike this Court as beyond the pale, particularly given the size and complexity of this suit."). Furthermore, Defendant has an Office of the Registrar that is responsible for "[f]ind[ing] the academic records and resources you need." NORTHWESTERN UNIVERSITY, *Office of Registrar*, https://www.registrar.northwestern.edu/ (last accessed Oct. 4, 2024).

### C. The Requested Data is Not Vague.

Defendant objected to "the myriad vague (sic) terms" in Plaintiffs' third set of RFPS concerning student data, including: "'student data,' 'any other fees,' 'information necessary,' 'any refunds,' 'Dollars of scholarships,' 'Dollars of loans,' 'Dollars of CARES Financial Aid,' and 'Dollars of other Financial Aid.'" Defendant did not explain the basis of its confusion over the terms or offer alternative interpretations. Defendant's vagueness objection is meritless since Defendant uses the same terms in its own publications. *Adkins v. Mid-Am. Growers, Inc.*, No. 88 C 980, 2000 WL 343501, at \*1 (N.D. Ill. Mar. 31, 2000) (overruling vagueness objection where defendant defined term in other documents). For example, Defendant uses the terms financial aid, refund, loans, scholarships, fees, and CARES. *See* NORTHWESTERN UNIVERSITY, *Financial Aid and Loans*, available at https://www.northwestern.edu/sfs/financial-aid-and-loans/ (last accessed Oct. 4, 2024); NORTHWESTERN UNIVERSITY, *Northwestern Scholarships*, available at https://undergradaid.northwestern.edu/types-of-aid/scholarships-grants/northwestern-scholarships.html (last accessed Oct. 4, 2024); NORTHWESTERN UNIVERSITY, *Cost of Attendance*, available at https://undergradaid.northwestern.edu/aid-basics-eligibility/cost-of-attendance.html (last accessed Oct. 4, 2024); NORTHWESTERN UNIVERSITY, *Tax Benefits of the CARES Act*, available at https://giftplanning.northwestern.edu/cares-act (last accessed Oct. 4, 2024).

Accordingly, Defendant's boilerplate objection should be overruled. *See Harris Davis Rebar, LLC v. Structural Iron Workers Loc. Union No. 1, Pension Tr. Fund*, No. 17 C 6473, 2019 WL 454324, at \*4 (N.D. Ill. Feb. 5, 2019) quoting *Fudali v. Napolitano*, 283 F.R.D. 400, 403 (N.D. Ill. 2012) ("the Court observes that the majority of HDR's objections—to relevance, vagueness, overbreadth, and proportionality—are meaningless boilerplate that are 'tantamount to

not making any objection at all.' The Court will not waste time in the future on such arguments devoid of analysis (and, frankly, neither should the parties).").

### D. The Request is Not Duplicative and was Not Previously Produced.

One of the objections that Defendant asserted is on the grounds that Plaintiffs' RFPs for student level data are duplicative of RFP Nos. 1-3, 10-11, 14-19, 21-22, 25, and 40. None of these requests seek the student level data sought in Plaintiffs' third set of RFPs. Instead, RFP Nos. 1-2 seek documents specific to Plaintiffs, RFP Nos. 3 and 25 seek gross refunds issued to students, RFP Nos. 10-11 seek documents concerning how Defendant determined what to charge students in tuition and fees, RFP Nos. 14-19 and 21-22 seek documents concerning total tuition and fees charged and received, and RFP No. 40 seeks the documents that Defendant relied upon when submitting information to the Integrated Postsecondary Education Data System. Clearly, these requests do not seek documents on a per student basis. Defendant also objects, that because the RFPs for student level data are duplicative, it has already produced responsive documents. But the documents that Defendant references (financial reports, financial regulations, budget updates, and Plaintiffs' student accounts) do not contain the requested data for each student in the Class. Therefore, the Court should overrule Defendant's objection and compel Defendant to produce the per student data requested in Plaintiffs' third set of RFPs.

### E. The Data is Not Protected by FERPA or other Privileges.

Defendant objected to Plaintiffs' discovery request on the basis that the data was protected by the Family Educational Rights and Privacy Act ("FERPA") "or any other applicable privilege." However, Defendant did not identify, or expressly claim, which other privilege would be applicable in violation of the Federal Rules of Civil Procedures. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is

privileged […], the party must: (i) expressly make the claim"); *Scott v. City of Peoria*, 280 F.R.D. 419, 422 (C.D. Ill. 2011) ("Blanket claims of privilege are not acceptable."). Further, Defendant did not describe the documents withheld nor provide a privilege log in violation of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged […], the party must: (ii) describe the nature of the documents"); *Pryor v. Target Corp.*, No. 20-CV-28, 2020 WL 6149569, at *1 (N.D. Ill. Oct. 20, 2020) ("Generally, a withholding party takes these steps through the creation of a privilege log."). This is not the first time that Defendant has failed to fulfill its obligations regarding privilege. *See Simon v. Nw. Univ.*, No. 1:15-CV-1433, 2017 WL 467677, at *10, n.5 (N.D. Ill. Feb. 3, 2017) ("Northwestern is reminded of its obligation to specifically identify whether documents are being withheld based on any asserted privilege").

Accordingly, the Court should find that Defendant waived any other privilege, besides FERPA. *See Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 415 F. Supp. 3d 827, 829 (N.D. Ill. 2019) ("The law demands that a legitimate claim of privilege can only be made after a document by document examination."); *Rao v. Bd. of Trustees of the Univ. of Illinois*, No. 14-CV-0066, 2016 WL 6124436, at *7 (N.D. Ill. Oct. 20, 2016) quoting *Miller v. City of Plymouth*, 2011 WL 1740154, at *4 (N.D. Ind. May 5, 2011) ("A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely privilege log may result in a waiver of any protection from discovery.").

10

Finally, to the extent that Defendant is concerned about complying with FERPA, Defendant may provide unique, anonymized numbers assigned to each absent Class Member at this juncture, until the Class is certified.[3]

Therefore, the Court should overrule Defendant's privilege/FERPA objection and compel Defendant to produce the requested documents.

### F. Class Data is Necessary to Plaintiffs' Prosecution of their Claims.

In order to calculate class-wide damages, Plaintiffs will need specific information about the amount of tuition and fees charged, the amount of tuition and fees paid, and how each student paid for their tuition and fees. Discovery is not bifurcated, and the fact discovery deadline applies to all fact discovery. *See* Dkt. No. 120. Accordingly, Plaintiffs are entitled to, and must, seek data concerning the Class at this stage. *See e.g.*, *Bilek v. Fed. Ins. Co.*, 344 F.R.D. 484, 490 (N.D. Ill. 2023) ("plaintiff is entitled to discovery that will help her make [her class certification] argument"); *Miner v. Gov't Payment Serv., Inc.*, No. 14-CV-7474, 2017 WL 3909508, at *3 (N.D. Ill. Sept. 5, 2017) ("In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of 'numerosity, common questions, and adequacy of representation.'"); *Gebka v. Allstate Corp.*, No. 19-CV-06662, 2021 WL 825612, at

---

[3] Plaintiffs are prepared to accept this compromise at this juncture based on proposals previously made during negotiations with Defendant's counsel on the issue, but note that the failure to produce names and contact information for putative class members may become problematic at the close of discovery—including if such class members would be material fact witnesses at trial and/or summary judgment. *See Felix v. Roosevelt Univ.*, Case No. 1:20-cv-4793 (N.D. Ill. Dec. 28, 2023) (Dkt. 104) (rejecting FERPA arguments as "unfounded" and noting that "FERPA does not apply to directory information and expressly allows disclosure of personally identifiable information without that students' consent if that disclosure is to comply with a judicial order.") (Exhibit B).

11

*7 (N.D. Ill. Mar. 4, 2021) ("the scope of discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification").

Further, there can be no doubt that student level data concerning damages is an appropriate area of discovery and such documents should be produced. *See Velocity Pat. LLC v. FCA US LLC*, No. 13 CV 8419, 2017 WL 11893112, at *3 (N.D. Ill. Nov. 2, 2017) ("There is no question that [plaintiff] is entitled to discovery that will enable it to calculate its damages."); *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 518 (N.D. Ill. 2018) ("Because the requested discovery seeks information that relates to Plaintiff's claims for damages, the discovery is relevant under Rule 26(b)(1). No citation is needed to support the proposition that discovery related to a plaintiff's claim for damages is relevant."); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2006 WL 4557897, at *1 (N.D. Ill. Dec. 19, 2006) ("If eSpeed has documentation related to plaintiff's damages discovery requests-for example, trading volume and transactional data using the eSpeed and Ecco software, regardless of the specific screen used to enter the trade-such data must be produced. This applies equally to the invoices, license and use agreements, and financial documents regarding the eSpeed and Ecco software."); *Am. Taxi Dispatch, Inc. v. Am. Flat Rate, Inc.*, No. 10 C 1532, 2011 WL 13552050, at *3 (N.D. Ill. Apr. 15, 2011) ("Defendant's revenue and other financial information is undoubtedly relevant to a determination of plaintiff's damages, if any. […] Indeed, courts often find this type of financial information relevant and require production.").

### III.    CONCLUSION

Plaintiffs require discovery on the class in order to move for class certification, and allowing Defendant to deny class-wide discovery while contesting class certification will prejudice Plaintiffs. *See Jenkins*, 2013 WL 5663644, at *3 ("White Castle may not contest class and/or

12

collective action certification while denying Jenkins discovery relevant to whether a class or collective action should be certified."). Therefore, for the foregoing reasons, Plaintiffs request that the Court enter an order compelling Defendant to produce student level data concerning the Class's damages, as requested in Plaintiffs' third set of RFPs.

Dated: October 4, 2024

Respectfully submitted,

*/s/ (Eddie) Jae K. Kim*
(Eddie) Jae K. Kim
Tiffine E. Malamphy
LYNCH CARPENTER LLP
117 East Colorado Blvd.
Suite 600
Pasadena, CA 91105
Phone: 626.550.1250
Fax: 619.756.6991
ekim@lcllp.com
tiffine@lcllp.com

Katrina Carroll
LYNCH CARPENTER LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750-1265
katrina@lcllp.com

James A. Francis
John Soumilas
David A. Searles
Edward H. Skipton
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
(215) 940-8000 (FAX)
Email: jfrancis@consumerlawfirm.com
Email: jsoumilas@consumerlawfirm.com
Email: dsearles@consumerlawfirm.com
Email: eskipton@consumerlawfirm.com

Yvette Golan
THE GOLAN LAW FIRM
2000 M Street, N.W., Suite #750-A
Washington, DC 20036
(866) 298-4150, ext. 101
(928) 441-8250 (FAX)
Email: ygolan@tgfirm.com

Jeffrey K. Brown, Esq. (To Apply Pro Hac Vice)
Michael Tompkins, Esq. (Pending Pro Hac Vice)
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

Daniel A. Edelman (IL Bar; NDIL Trial Bar)
EDELMAN, COMBS, LATTURNER
& GOODWIN LLC
20 S. Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com

*Counsel for Plaintiffs*
*and the Proposed Class*

14