# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| NATHANIEL POLLEY, NANCY QUIROZ, SURYA VEERAVALLI, and DANIEL GREENWALD, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>NORTHWESTERN UNIVERSITY,<br><br>        Defendant. | Civil Action No. 1:20-cv-04798<br>Honorable Judge Lindsay C. Jenkins |

**DEFENDANT NORTHWESTERN UNIVERSITY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Northwestern University ("Northwestern") hereby makes these responses and objections to Plaintiffs' Third Set of Requests for Production (the "Requests") as follows:

**GENERAL OBJECTIONS**

Northwestern makes the following General Objections, which apply to each Request. Any specific objection or response given shall not be considered or deemed in any way to be a waiver of any of these General Objections. Notwithstanding the foregoing, to the extent that Northwestern has identified documents responsive to a Request that it is withholding in connection with a General Objection, it has so stated in its response to that Request.

1. Northwestern's response that it will make documents available does not indicate and should not be construed as meaning that Northwestern agrees, admits, or otherwise acknowledges that the documents requested are within the scope of discovery permitted in this action, or that the information is relevant or admissible.

1

2. Northwestern's responses, objections, and production of documents in response to the Requests are not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission as to any fact in dispute or a waiver of any rights or defenses Northwestern has or may assert with respect to any claim.

3. Northwestern does not waive, and expressly reserves, all objections concerning the authenticity, competency, relevancy, materiality, and admissibility of documents produced and the subject matter thereof, and it reserves all rights to object on any ground to the use of any document produced by Northwestern or the subject matter thereof in any proceeding.

4. Northwestern objects to all Definitions, Rules of Construction, Instructions, and Requests to the extent they are premature at this stage in discovery. Northwestern's investigation and development of all facts and circumstances related to this action is ongoing. These responses and objections are based on Northwestern's knowledge, information, and belief at this time. Northwestern has made a reasonable and good-faith effort to respond; however, discovery is in its early phases. Northwestern does not waive, and expressly reserves, its right to amend these responses should additional information become available and/or to use such information at trial. Northwestern further reserves the right to supplement, clarify, revise, or correct any or all responses and objections and to assert additional objections or privileges as is deemed necessary or appropriate in light of any further review.

5. Northwestern objects to the Requests to the extent that they purport to impose obligations on Northwestern that are broader than and/or inconsistent with those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, or any other applicable law, rule, or Court order.

6. Northwestern objects to the Requests on the grounds and to the extent that they seek documents that are: (i) not in Northwestern's possession, custody or control; (ii) publicly available or already in plaintiffs' possession, custody or control; (iii) available from other, more convenient, more efficient, less burdensome, or less expensive sources than Northwestern; or (iv) available through a more convenient, more efficient, less burdensome or less expensive means.

7. Northwestern objects to the Requests to the extent they seek materials that are not proportionate to the needs of the case as required by Rule 26(b) of the Federal Rules of Civil Procedure.

8. Northwestern objects to these Requests to the extent they are duplicative, unreasonably cumulative, harassing, and/or responding thereto will cause unnecessary expense.

9. Northwestern objects to the Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, and/or the Family Educational Rights and Privacy Act ("FERPA"), or to the extent they seek information otherwise protected from discovery under any other applicable rule, statute, or privilege. Such documents or information shall not be produced in response to these Requests, and any inadvertent production or disclosure thereof shall not be deemed a waiver of any privilege or work product immunity. Northwestern will provide a privilege log for documents protected from disclosure by the attorney-client privilege, the work product doctrine, FERPA, and/or any other applicable rule, statute, or privilege.

10. Northwestern objects to the Requests to the extent they seek documents that it is prohibited from disclosing under FERPA, or any other applicable rule or statute.

11. Northwestern objects to these Requests to the extent that they are vague, ambiguous, or unclear, including the use in the Requests of terms that are undefined, vaguely defined, or overbroad in scope and not susceptible to any single meaning. Northwestern's failure

3

to object to any specific term shall not be construed and is not intended to mean that it understands or agrees with the meaning of that term or definition of that term.

12.     Any statement by Northwestern that it will produce responsive, non-privileged documents is only a statement that any such documents that can be located after a reasonable search will be produced or made available for inspection.   Nothing contained herein shall be construed as an admission by Northwestern regarding the existence or nonexistence of any information or documents, and no objection or answer shall be construed as an admission as to the relevance or admissibility of any information or document or the truth or accuracy of any statement or characterization contained in these Requests.

13.     Northwestern objects to the "Relevant Time Period"—which plaintiffs define as August 1, 2015 to the present—on the grounds that such time period is overly broad, seeks the discovery of information that is not relevant to the subject matter involved in this action, including any claims and defenses in this action, and/or is not proportional to the needs of the case, and/or is disproportional to the likely benefit.   Northwestern will identify the time periods from which it will produce documents in response to each specific Request.

14.     Northwestern objects to the definition of "Affected Quarter(s)" in paragraph 8 of the Definitions as vague and/or ambiguous.   Northwestern will construe the "Affected Quarters" to be the Spring 2020 and Summer 2020 academic quarters, as well as the Fall 2020 academic quarter with respect to first- and second-year undergraduate students.

15.     Northwestern objects to these Requests to the extent they seek or call for information related to Northwestern's operations outside of the United States, including, but not limited to, Northwestern's campus in Qatar.

16.     Northwestern objects to these Requests to the extent they seek or call for the production of documents and/or information of a confidential and/or proprietary nature.     The production of any such documents will only be made pursuant to, subject to, and in accord with an appropriate confidentiality stipulation and/or protective order and an appropriate ESI protocol, if necessary.     Northwestern will not produce any confidential or proprietary documents or information without appropriate protective measures acceptable to Northwestern or as directed by the Court.

Subject to and without waiving any of its general objections, Northwestern further responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

50.     Student level data, separated by Winter Quarter 2020, Spring Quarter 2020, and Fall Quarter 2020, identifying:

a. Student ID;
b. Campus student was enrolled in;
c. School student was enrolled in;
d. Program student was enrolled in;
e. Degree type (*e.g.*, undergraduate, graduate, other);
f. Information identifying whether the program the student was enrolled in was an "Online" only, Hybrid, or In-person program;
g. Information identifying whether the program the student was enrolled in was a study abroad program;
h. Assessed tuition (*e.g.*, tuition reflected as debit in student account);
i. Gross tuition, if different from assessed tuition in previous bullet point;
j. Assessed tuition broken down into separate fees, where applicable;
k. Any other fees charged to students separated by fee type, along with a description of such fee;
l. Information necessary to determine if the assessed program fee provided is reported by credit hour or for the entire quarter;
m. Total number of enrolled credit hours;
n. Total number of credit hour completed;
o. Any refunds provided to student separated by types of refund (*e.g.*, tuition refunds, fees refund, room and board refunds, *etc.*);
p. Date a student withdrew from the program if the student withdrew from the program during the semester;
q. Dollars of scholarships funded by the University;
r. Dollars of scholarships funded by other sources;
s. Dollars of loans;

5

t.   Dollars of CARES Financial Aid; and
u.   Dollars of other Financial Aid.

**RESPONSE:**  Northwestern hereby incorporates its General Objections as if specifically stated herein.    Northwestern objects to this Request on the grounds that it seeks information that is not relevant and thus is not reasonably calculated to lead to the discovery of evidence relating to any claim or defense at issue in the litigation, and thus is disproportionate to the needs of the case.    Northwestern objects to this Request as unduly burdensome, including to the extent it requires a forensic and/or expert analysis of the expenses listed in the Request.    Northwestern objects to the myriad vague terms included in this Request, including, but not limited to, "student data," "any other fees," "information necessary," "any refunds," "Dollars of scholarships," "Dollars of loans," "Dollars of CARES Financial Aid," and "Dollars of other Financial Aid." Northwestern further objects to this Request as vague, overly broad, and unduly burdensome to the extent it seeks "student level data," which is undefined and is information not in Northwestern's possession.    Northwestern does not possess information identifying students on such a granular level across multiple educational programs and disciplines.  Northwestern objects to this Request because it is not reasonably limited in time to lead to the discovery of evidence relating to the claims or defenses at issue in the litigation; the Request specifically requests information from Winter Quarter 2020, which is irrelevant.    Northwestern objects to this Request as it is duplicative of Requests Nos. 1-3, 10, 11, 14-19, 21, 22, and 25 of Plaintiffs' First Set of Requests for Production and Request No. 40 of Plaintiffs' Second Set of Requests for Production.

Northwestern objects to this Request to the extent it seeks information that is already accessible to the Plaintiffs.  Northwestern has already produced documents containing some of this data, including, but not limited to, their 2019-2020 and 2020-2021 Financial Reports.  *See, e.g.*, NU00001701 (Financial Regulations for Northwestern Students 2019-2020 with information pertaining to tuition, fees associated with certain programs, residential fees, common fees, and

6

credit units); NU00001725 (Financial Regulations for Northwestern Students 2020-20201 with information pertaining to tuition, fees associated with certain programs, residential fees, common fees, and credit units). Additionally, Northwestern has already produced to Plaintiffs other documents that contain information related to this Request. *See, e.g.*, NU00004024 at 4050 (April 15, 2020 Special Trustee Committee Meeting with a Fiscal Year 2020 Budget Update included projected revenue decreases, expenses, and predicted Federal CARES Act revenue); NU00001757 (Daniel Greenwald's Student Account with all transactions from 2019 Fall to 2020 Summer); NU00001758 (Nathaniel Polley's Student Account with all transactions from 2018 Fall to 2020 Summer); NU00001759 (Nancy Quiroz's Student Account with all transactions from 2020 Fall to 2022 Fall); NU00001761 (Surya Veeravalli's Student Account with all transactions from 2017 Fall to 2021 Spring).

Northwestern further objects to this Request to the extent that it seeks documents and/or communications protected by FERPA or any other applicable privilege or protection; the Request asks for highly individual and personal information about Northwestern students, including their academic histories and payment histories with Northwestern. While Northwestern has information about individual students, information asked for in this Request is not stored in one database or spreadsheet so as to be accessible; the Request spans students from multiple university programs and disciplines and is overly burdensome.

Based on the foregoing objections and the General Objections, Northwestern will produce a spreadsheet with additional information concerning the named Plaintiffs related to requests 50(a), 50(c-e), 50(g-k), and 50(o-u).

51.     If student level data per the prior request is not available, your aggregate data which would reflect the following information for each quarter:

      a.  Student ID;
      b.  Campus student was enrolled in;
      c.  School student was enrolled in;

d.  Program student was enrolled in;
e.  Degree type (*e.g.*, undergraduate, graduate, other);
f.  Information identifying whether the program the student was enrolled in was an "Online" only, Hybrid, or In-person program;
g.  Information identifying whether the program the student was enrolled in was a study abroad program;
h.  Assessed tuition (*e.g.*, tuition reflected as debit in student account);
i.  Gross tuition, if different from assessed tuition in previous bullet point;
j.  Assessed tuition broken down into separate fees, where applicable;
k.  Any other fees charged to students separated by fee type, along with a description of such fee;
l.  Information necessary to determine if the assessed program fee provided is reported by credit hour or for the entire quarter;
m.  Total number of enrolled credit hours;
n.  Total number of credit hours completed;
o.  Any refunds provided to student separated by types of refund (*e.g.*, tuition refunds, fees refunds, room and board refunds, *etc.*);
p.  Date a student withdrew from the program if the student withdrew from the program during the semester
q.  Dollars of scholarships funded by the University;
r.  Dollars of scholarships funded by other sources;
s.  Dollars of loans;
t.  Dollars of CARES Financial Aid; and
u.  Dollars of other Financial Aid.

**RESPONSE:** Northwestern hereby incorporates its General Objections as if specifically stated herein. Northwestern objects to this Request on the grounds that it seeks information that is not relevant and thus is not reasonably calculated to lead to the discovery of evidence relating to any claim or defense at issue in the litigation, and thus is disproportionate to the needs of the case. Northwestern objects to this Request as unduly burdensome, including to the extent it requires a forensic and/or expert analysis of the expenses listed in the Request. Northwestern objects to the myriad of vague terms included in this Request, including, but not limited to, "student data," "any other fees," "information necessary," "any refunds," "Dollars of scholarships," "Dollars of loans," "Dollars of CARES Financial Aid," and "Dollars of other Financial Aid." Northwestern further objects to this Request as vague, overly broad, and unduly burdensome to the extent it seeks "student level data," which is undefined and is information not in Northwestern's possession. Northwestern does not possess information identifying students on such a granular

8

level across multiple educational programs and disciplines. Northwestern objects to this Request because it is not reasonably limited in time to lead to the discovery of evidence relating to the claims or defenses at issue in the litigation; the Request specifically requests information from Winter Quarter 2020, which is irrelevant. Northwestern objects to this Request as it is duplicative of Requests Nos. 1-3, 10, 11, 14-19, 21, 22, and 25 of Plaintiffs' First Set of Requests for Production and Request No. 40 of Plaintiffs' Second Set of Requests for Production.

Northwestern objects to this Request to the extent it seeks information that is already accessible to the Plaintiffs. Northwestern has already produced documents containing some of this data, including, but not limited to, their 2019-2020 and 2020-2021 Financial Reports. *See, e.g.*, NU00001701 (Financial Regulations for Northwestern Students 2019-2020 with information pertaining to tuition, fees associated with certain programs, residential fees, common fees, and credit units); NU00001725 (Financial Regulations for Northwestern Students 2020-20201 with information pertaining to tuition, fees associated with certain programs, residential fees, common fees, and credit units). Additionally, Northwestern has already produced to Plaintiffs other documents that contain information related to this Request. *See, e.g.*, NU00004024 at 4050 (April 15, 2020 Special Trustee Committee Meeting with a Fiscal Year 2020 Budget Update included projected revenue decreases, expenses, and predicted Federal CARES Act revenue); NU00001757 (Daniel Greenwald's Student Account with all transactions from 2019 Fall to 2020 Summer); NU00001758 (Nathaniel Polley's Student Account with all transactions from 2018 Fall to 2020 Summer); NU00001759 (Nancy Quiroz's Student Account with all transactions from 2020 Fall to 2022 Fall); NU00001761 (Surya Veeravalli's Student Account with all transactions from 2017 Fall to 2021 Spring).

Northwestern further objects to this Request to the extent that it seeks documents and/or communications protected by FERPA or any other applicable privilege or protection; the Request

9

asks for highly individual and personal information about Northwestern students, including their academic histories and payment histories with Northwestern. While Northwestern has information about individual students, information asked for in this Request is not stored in one database or spreadsheet so as to be accessible; the Request spans students from multiple university programs and disciplines and is overly burdensome.

Based on the foregoing objections and the General Objections, Northwestern will produce a spreadsheet with additional information concerning the named Plaintiffs related to requests 51(a), 51(c-e), 51(g-k), and 51(o-u).

52.     DOCUMENTS necessary to understand the data or records produced in response to the two prior document requests.

**RESPONSE:** Northwestern hereby incorporates its General Objections as if specifically stated herein.    Northwestern objects to this Request on the grounds that it seeks information that is not relevant and thus is not reasonably calculated to lead to the discovery of evidence relating to any claim or defense at issue in the litigation, and thus is disproportionate to the needs of the case.    Northwestern objects to this Request as vague, overly broad, and unduly burdensome to the extent it seeks the untailored term "DOCUMENTS" to understand anything produced from its previous two requests. Northwestern objects to this Request to the extent it seeks information that is otherwise publicly available, and therefore, already accessible to plaintiffs. Northwestern further objects to this Request to the extent that it seeks documents and/or communications protected by FERPA or any other applicable privilege or protection.

Based on the foregoing objections and the General Objections, Northwestern will produce a spreadsheet with additional information concerning the named Plaintiffs related to requests 50(a), 50(c-e), 50(g-k), 50(o-u), 51(a), 51(c-e), 51(g-k), and 51(o-u).

53.     All DOCUMENTS YOU intend to use to support YOUR defenses at trial in this matter, to the extent such DOCUMENTS have not previously been produced by DEFENDANT or PLAINTIFFS.

**RESPONSE:** Northwestern hereby incorporates its General Objections as if specifically stated herein. Northwestern objects to this Request on the grounds that it seeks information that is not relevant and thus is not reasonably calculated to lead to the discovery of evidence relating to any claim or defense at issue in the litigation, and thus is disproportionate to the needs of the case. Northwestern objects to this Request because it is not reasonably limited in time to lead to the discovery of evidence relating to the claims or defenses at issue in the litigation. Northwestern objects to this Request to the extent it seeks information that is otherwise publicly available, and therefore already accessible to plaintiffs.

Subject to and without waiving the foregoing objections and the General Objections, and subject to entry of an appropriate protective order governing the production of confidential information, Northwestern will produce non-privileged documents sufficient to show which documents Northwestern intends to rely upon to support Northwestern's defense at trial.

11

Dated: August 30, 2024

Respectfully submitted,

*/s/ Craig Martin*
One of the Attorneys for Defendant

Craig C. Martin
LaRue L. Robinson
Chloe Holt
cmartin@willkie.com
lrobinson@willkie.com
cholt@willkie.com
WILLKIE FARR &
GALLAGHER LLP
300 North LaSalle Dr., 50th
Floor Chicago, Illinois 60654
Tel: (312) 728-9000

*Counsel for Defendant*
*Northwestern University*

12

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record in this case, hereby certifies that, on August 30, 2024, a true and correct copy of **Defendant Northwestern University's Responses and Objections to Plaintiffs' Third Set of Requests for Production** was served on all counsel of record, listed below, by electronic mail.

Katrina Carroll
LYNCH CARPENTER LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750-1265
katrina@lcllp.com

Edward. W. Ciolko
(Eddie) Jae K. Kim
Tiffine E. Malamphy
LYNCH CARPENTER LLP
117 East Colorado Boulevard
Suite 600
Pasadena, CA 91105
(626) 550-1250
ekim@lcllp.com
tiffine@lcllp.com

James A. Francis
John Soumilas
David A. Searles
Edward H. Skipton
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
(215) 940-8000 (FAX)
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
eskipton@consumerlawfirm.com

Yvette Golan
THE GOLAN LAW FIRM
2000 M Street, N.W.
Suite #750-A
Washington, DC 20036
(866) 298-4150, ext. 101
(928) 441-8250 (FAX)
ygolan@tgfirm.com

Jeffrey K. Brown, Esq.
Michael Tompkins, Esq.
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

Daniel A. Edelman
Julia Ozello
EDELMAN,COMBS, LATTURNER
& GOODWIN LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

*Counsel for Plaintiffs*

*/s/ LaRue Robinson*
LaRue L. Robinson

13