# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OSCAR FELIX and DAEJA SUTTON, on behalf of themselves and other individuals similarly situated, | ) ) ) ) ) | Case No. 1:20-cv-04793 |
| Plaintiffs, | ) ) ) | Judge Franklin U. Valderrama |
| v. | ) ) | Magistrate Judge Jeannice W. Appenteng |
| ROOSEVELT UNIVERSITY, | ) ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth below, Defendant Roosevelt University's motion to bifurcate discovery, (Dkt. 95), is denied.

## BACKGROUND

On August 14, 2020, Oscar Felix filed this class-action lawsuit against defendant Roosevelt University for breach of contract, conversion, and unjust enrichment due to defendant's transition to remote learning in the spring of 2020 amid the onset of the global COVID-19 pandemic. (Dkt. 1.) The District Judge then consolidated plaintiff Felix's case with a related case filed by plaintiff Daeja Sutton (20-cv-4902). (Dkt. 18.) This case was stayed for nearly three years while cases involving similar issues were pending before the Seventh Circuit Court of Appeals. After the Seventh Circuit's decision in one of those cases, plaintiffs amended their complaint, removing the conversion claim. (Dkt. 61.) The stay was lifted on February 3, 2023. (Dkt. 69.)

After exchanging their first sets of discovery requests, the parties met and conferred at least twice to discuss the discovery process, but were unable to resolve their differences. (Dkt. 96 at 4; Dkt. 97 at 4.) Defendant then filed the instant motion to bifurcate discovery. (Dkt. 95.) Defendant argues that merits and class discovery should be bifurcated, with merits discovery proceeding first on plaintiffs' individual claims. (Dkt. 96 at 3.) Defendant contends that after merits discovery, it will file a motion for summary judgment and if granted, plaintiffs' and the class's claims would be disposed of, thus avoiding expensive and time-consuming class discovery. (Dkt. 96 at 2.) For the following reasons, defendants' motion is denied.

## ANALYSIS

Deciding whether to bifurcate discovery in putative class actions prior to certification is within the district court's broad discretion to manage discovery. *See Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013); *Bilek v. Fed. Ins. Co.*, No. 21-cv-1651, 2023 WL 8270362, at *3 (N.D. Ill. Nov. 29, 2023). The party seeking to bifurcate class from merits discovery has the burden of establishing "good cause" for the limitation, which requires "'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12 C 1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2035, at 157–58 (3d ed. 2010)).

When ruling on motions to bifurcate class certification and merits discovery, courts consider the following factors:

2

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2014 WL 12746902, at *2 (N.D. Ill. Feb. 24, 2014). As demonstrated below, these factors do not weigh in favor of bifurcation.

### A. Expediency

Expediency and efficiency weigh against bifurcation. Federal Rule of Civil Procedure 23 requires courts to determine whether an action should be certified as a class action "[a]t an early practicable time . . . ." Fed. R. Civ. P. 23(c)(1)(A); *see also Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir. 2009) (ruling on merits before addressing class certification "puts the cart before the horse"). Accordingly, due to the risk of additional delays, bifurcation of discovery is "the exception and not the rule." *Tate v. City of Chi.*, No. 18-cv-07439, 2019 WL 2173802, at *3 (N.D. Ill. May 20, 2019).

Here, defendant seeks to bifurcate discovery and first proceed with merits discovery, only reaching class discovery (if at all) after a decision on a dispositive motion. (Dkt. 96 at 1, 2, 8–9, 12.) This proposal does not allow for the District Judge's expeditious review of class certification. *Thomas*, 580 F.3d at 635; *Rolan v. E.I. Du Pont De Nemours & Co.*, 2019 WL 8111972, at *2 (N.D. Ind. Nov. 5, 2019) ("[B]ifurcated discovery will not aid the Court in reaching a decision on the issue of

3

class certification more expeditiously than it otherwise would."); *see also Troia v. N. Cent. Coll.*, No. 20 C 5229, ECF No. 56 at 4 (N.D. Ill. Nov. 16, 2023) (Fuentes, J.) (the idea that bifurcation would expedite this case "based on the [University's] plan to obtain summary judgment on the individual claims presumes a little too much."). Further, defendant's success at summary judgment is speculative and therefore would not warrant a delay in determining certification.

B. **Economy and Severability**

Economy and severability weigh against bifurcation. "Distinguishing between class certification discovery and merits discovery can be a thorny issue," *Denney v. Amphenol Corp.*, No. 1:19-cv-04757-JRS-DLP, 2020 WL 5500276, at *3 (S.D. Ind. Sept. 4, 2020), which may "give rise to disputes over whether a particular discovery request relates to the merits or to class certification," *Quinn v. Specialized Loan Servicing, LLC*, 321 F.R.D. 324, 327 (N.D. Ill. 2017). While a delay of the class certification decision is disfavored, *see* Fed. R. Civ. P. 23(c)(1)(A), delay of the entire action is just as disfavored. *See, e.g., Quinn*, 321 F.R.D. at 326–27; *Troia, supra*, at 10.

Further, judicial economy is not promoted when "ongoing supervision of discovery" is required. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990). This concern exists in the class-litigation context where bifurcation may "protract[ ] the completion of discovery, coupled with endless disputes over what is 'merits' versus 'class' discovery." *In re Hamilton Bancorp, Inc. Sec. Litig.*, No. 01-CV-0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002). Such disputes would

4

further delay the case proceedings and prejudice plaintiffs. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009).

Defendant asserts that "there is virtually no overlap between" individualized merits discovery and "general class-wide discovery." (Dkt. 96 at 9.) The Court does not agree. Notably, even defendant has stated that it "anticipates there may be significant overlap between the facts that need to be developed for purposes of class certification and those that go to the underlying substance of Plaintiffs' claims." (Dkt. 31 at 2.) It has long been recognized that often in class actions, the class and merits issues have a strong tendency to overlap. *New Eng. Carpenters*, 2013 WL 690613, at *3 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)). Here, it is likely that both merits and class discovery will involve promises the defendant did or did not make with respect to in-person instruction, the financial responsibilities (*e.g.*, tuition and fees) applicable to all students, and university documents, such as marketing and advertising materials, admissions and registration materials, pandemic policies, and communications regarding in-person and remote learning.

While this universe of discovery may not be equally applicable across the putative class and plaintiffs, there is enough overlap to reject bifurcation. While the Court will continue to supervise discovery, it chooses the more efficient route of concurrent discovery, rather than doubling its and the parties' efforts in managing disputes touching upon both class and merits discovery. *See In re Groupon*, 2014 WL 12746902, at *1–2 (denying motion to bifurcate due, in part, to the concern that

"bifurcation can actually increase the cost of litigation because of disputes over what constitutes merits and what constitutes class discovery"); *In re Rail Freight Fuel*, 258 F.R.D. at 174 ("Concurrent discovery is more efficient when bifurcation would result in significant duplication of effort and expense to the parties.").

### C.    Defendant's Privacy and Burden Arguments

Defendant makes two further arguments. First, defendant claims that simultaneously proceeding with merits and fact discovery would bog down litigation with federal privacy law issues pertaining to the production of voluminous educational and financial records, much of which is potentially protected by the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, 34 C.F.R. § 99. (Dkt. 96 at 10–11.) Second, anonymizing personally identifiable data for every potential class member would be burdensome and labor-intensive, and an unnecessary time and expense "if Plaintiffs cannot survive summary judgment of their individual claims."  (Dkt. 96 at 11–12.) Both arguments are unfounded and irrelevant for determining whether bifurcation is appropriate, which involves the three factors discussed above.

Regarding defendant's FERPA concern, defendant itself acknowledges the protective order in this case which includes FERPA documents within the category of "Confidential Information." (Dkt. 96 at 11; Dkt. 41, ¶ 2.) Also, FERPA does not apply to "directory information"[1] and expressly allows disclosure of personally

---

[1] "Directory information" includes: "the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and

identifiable information without that student's consent if that disclosure is to comply with a judicial order. 20 U.S.C. § 1232g(b)(2); 34 C.F.R. § 99.31(a)(9)(i). Lastly, plaintiffs' request for "anonymized" class data, (Dkt. 97 at 4, 13, 14; *see also* Dkt. 93 at 3), combined with the protective order, resolves defendant's FERPA concerns.

Additionally, defendant's concerns about burden and the scope of discovery at this stage of the case are irrelevant, particularly where defendant has not presented evidence regarding the number of students whose information would be subject to FERPA's protections, nor provided information related to students who have opted out of providing directory information. *See Lucas v. Vee Pak, Inc.*, No. 12 C 9672, 2014 WL 12932245, at *2 (N.D. Ill. Nov. 13, 2014) (the decision to bifurcate "must be made in the absence of a complete understanding of the ultimate scope of the class"). Even so, plaintiffs have stated that they would be amenable to a "representative sampling" to minimize the defendant's burden of production. (Dkt. 97 at 4, 13, 14; *see also* Dkt. 93 at 3.) Defendant's burdensome discovery claim is simply not a justification for granting bifurcation. *Cadle v. City of Chi.*, No. 15 C 4725, 2015 WL 6742070, at *2 (N.D. Ill. Nov. 2, 2015). And, defendant itself concedes that such burden, effort, and expense "may be required." (Dkt. 93 at 10.)

---

awards received, and the most recent previous educational agency or institution attended by the student." 20 U.S.C. § 1232g(a)(5)(A).

## CONCLUSION

For all the reasons above, defendant has not met its burden of establishing good cause for bifurcation. Therefore, the motion to bifurcate is DENIED.

**SO ORDERED.**

_____

**Jeannice W. Appenteng**
**United States Magistrate Judge**

**Dated:**      12/28/2023

8